SIRE, Appellant, v. SHUBERT et al., Respondents. (Supreme Court, Appellate Division, First Department. November 20, 1903.) Action by Henry S. Sire against Samuel S. Shubert and others. F. Bien, for appellant. W. Klein, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

---

SKINNER, Respondent, v. FIELD, et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 17, 1903.) Action by Henry J. Skinner against Edgar K. Field and another. No opinion. Judgment affirmed, with costs.

---

In re SMITH. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) In the matter of Samuel B. Smith, as receiver, etc., of Count W. Weeks, and another. No opinion. Order affirmed, with $10 costs and disbursements.

---

SMITH v. HERTER. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Edward Smith against Maria A. Herter. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to the court below to open default.

---

SMITH, Appellant, v. HUDSON VALLEY RY. CO., Respondent. (Supreme Court, Appellate Division, Third Department. November 11, 1903.) Action by Kittie F. Smith against the Hudson Valley Railway Company. No opinion. Judgment unanimously affirmed, with costs.

---

SMITH, Respondent, v. LEHIGH VALLEY R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Porter D. Smith, as administrator, against the Lehigh Valley Railroad Company.

PER CURIAM. Order reversed, without costs of this appeal to either party. Motion for retaxation of costs granted by disallowing costs taxed by plaintiff upon and of the first appeal to this court, with $10 costs of said motion; otherwise, said motion is denied. Held, that the decision and judgment of this court upon the first appeal, reducing plaintiff's recovery, was not intended to, and did not, deprive him of the costs awarded for and upon the first trial; also held, that the decision and judgment of this court upon said first appeal that the judgment of the court below, as modified, be "affirmed, without costs," was not intended to, and did not, deprive plaintiff of the costs awarded in the court below, but related simply to the costs upon said appeal to this court; also held, that the decision of the Court of Appeals that the judgment recovered upon the first trial be reversed, "with costs to abide the event," entitled plaintiff to tax costs in said Court of Appeals, and also those recovered in Supreme Court upon the first trial, and that, under the circumstances, it must not be assumed that the Court of Appeals by said decision intended to award plaintiff, if successful upon a new trial, costs upon the first appeal to this court, which had been expressly withheld by the decision of this court upon said appeal. STOVER, J., not voting.

---

SMITH, Respondent, v. UTICA KNITTING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by George C. Smith, as administrator, against the Utica Knitting Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined and no error found therein, upon the ground that the evidence does not show that plaintiff's intestate was free from contributory negligence, and the further ground that the plaintiff's intestate assumed the risk.

WILLIAMS and NASH, JJ., vote for reversal upon the law and the facts, upon the ground that the finding of the jury that there was absence of contributory negligence was contrary to the evidence, and the finding that the defendant was guilty of negligence was contrary to the evidence, because the defendant, under the circumstances of the case, owed the intestate no duty to have its elevator in different condition from what it was; he having assumed the risk thereof.

STOVER, J., not voting.

---

In re SNEDEKER. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) In the matter of the accounting by Ada May Snedeker, administratrix of the goods, chattels, and credits of Charles Snedeker, deceased.

PER CURIAM. We think that this proceeding was not a trial within the meaning of section 2576 of the Code, and that therefore the appeal book may be ordered on file upon the stipulation of the attorneys.

---

SNOWDEN, Respondent, v. TOWN OF SOMERSET, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 24, 1903.) Action by Sarah J. Snowden against the town of Somerset.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts having been examined and no error found therein. Held, that it was incompetent to allow the plaintiff's witness, Sprague, to testify to declarations made to him by the plaintiff, long after the accident, in regard to the manner in which she attempted to get out of the wagon and received her injuries; also held, that it was error for the trial justice to charge the jury in effect that it was a matter of very little importance for them to determine just what plaintiff's injury was, or what the precise nature of the latter was.

McLENNAN, P. J., and SPRING, J., dissent upon the ground that the errors were not of sufficient importance to require the granting of a new trial.